UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ROBERT HILL,                                                                    **COMPLAINT**

                    Plaintiff,

      -against-                                             Docket No. 15CV00853-AT-SN

POLICE OFFICER MARIA CANDRES, POLICE LIEUTENANT                Jury Trial Demanded
MICHAEL VITALO, POLICE SERGEANT NICHOLAS MACCHIO,
POLICE OFFICER YRECK FONTAINE, and CITY OF NEW YORK,          ECF Case

                    Defendants,

------------------------------------------------------------------------X

       Plaintiff, Robert Hill, by his attorneys, Amabile & Erman, P.C., complaining of the

defendants, respectfully alleges as follows:

### **Preliminary Statement**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitutions of the State of New York and the United

States.  Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### **VENUE**

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

### **JURY DEMAND**

       5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff, Robert Hill, is a forty-seven year old American citizen.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, POLICE OFFICER MARIA CANDRES (Shield No. 18105)(hereinafter referred to as "CANDRES") was a duly sworn police officer of said department's 10th Precinct and was acting under the supervision of said department and according to her official duties.

10.     That at all times hereinafter mentioned, POLICE LIEUTENANT MICHAEL VITALO (hereinafter referred to as "VITALO") was a duly sworn police lieutenant of said department's 10th Precinct and was supervising said department and according to his official duties.

11.     That at all times hereinafter mentioned, POLICE SERGEANT NICHOLAS MACCHIO (Shield No. 01214) (hereinafter referred to as "MACCHIO") was a duly sworn police sergeant of said department's 13th Precinct and was supervising said department and according to his official duties.

12.     That at all times hereinafter mentioned, POLICE OFFICER YRECK FONTAINE (Shield No. 04057)(hereinafter referred to as "FONTAINE") was a duly sworn police officer of

2

said department's 10th precinct and was acting under the supervision of said department and according to his official duties.

13.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

15.     Plaintiff's mother is Doreen Klein (hereinafter referred to as "Klein") who has a known history of drug abuse and mental disorder.

16.     In April 2013, defendant, CANDRES, threatened plaintiff by telling plaintiff that if plaintiff harmed Klein, plaintiff would spend the rest of his life in jail after defendant, CANDRES, throws plaintiff down the steps.

17.     On September 1, 2013, Klein was treated at a hospital's emergency department for mental disorder.

18.     On November 11, 2013 at about 12:30PM, defendant, VITALO, threatened plaintiff by telling plaintiff that the NYPD would lock him up in jail and that they would think of something to lock him up for.

19.     On November 11, 2013 at about 2:00PM, plaintiff called the CITY OF NEW YORK's Lifenet helpline to document defendant, VITALO's threat and upon information and

3

belief, Lifenet maintains an audio recording of said conversation.  was defendant, VITALO,

threatened plaintiff by telling plaintiff that the NYPD would lock him up in jail and that they

would think of something to lock him up for.

20.     On November 17, 2013 at approximately 11PM at 420 West 19th Street, Apt. 5F,

New York, NY, Klein was mentally unstable and became violent towards plaintiff and struck

plaintiff with a plunger.  Plaintiff did not attack Klein and only used force to defend himself from

Klein's attack on him.

21.     On November 18, 2013 at approximately 2:30AM, an FDNY ambulance crew

arrived at 420 West 19th Street, Apt. 5F, New York, NY to assess Klein.  The FDNY ambulance

crew was dispatched to the scene to tend to an emotionally disturbed person and psychiatric

patient.  Klein told the ambulance crew that she was fine and did not need them.  Nevertheless,

the ambulance crew brought Klein to Bellevue Hospital Center to be evaluated and treated for

behavioral disorder.

22.     Said hospital is within the confines of NYPD's 13th Precinct.

23.     On November 18, 2013 at Bellevue Hospital Center, defendant, MACCHIO,

investigated Klein's allegations against plaintiff and refused to arrest plaintiff who was also

present at said hospital.  Nevertheless, defendant, MACCHIO, advised plaintiff that defendant,

MACCHIO, needed to hold plaintiff at the hospital until defendant, CANDRES, from the 10th

Precinct arrived as defendant, CANDRES, wanted to speak with plaintiff.

24.     Thereafter on November 18, 2013, defendants, CANDRES and FONTAINE,

arrived at said hospital and without conducting any meaningful investigation, defendant,

CANDRES, arrested and handcuffed plaintiff regarding the events on November 17, 2013.

25.     Thereafter on November 18, 2013, defendant, MACCHIO, told defendant,

4

CANDRES, that "This is on you."

26.    Defendant, MACCHIO, failed to intervene in preventing plaintiff's arrest despite

his assessment not to arrest plaintiff and despite defendant, MACCHIO, superior rank to

defendant, CANDRES.

27.    Thereafter on November 18, 2013, defendant, FONTAINE, was upset with

defendant, CANDRES, for arresting plaintiff and defendant, FONTAINE, told defendant,

CANDRES, that he did not want to hear another word from her.

28.    On November 18, 2013, plaintiff was charged with assault in the second degree

(two counts), criminal possession of stolen property in the fourth degree, and criminal

obstruction of breathing or blood circulation and placed in jail despite plaintiff's explanation to

defendant, CANDRES, that Klein has a history of drug abuse and mental problems and that

Klein was the aggressor by striking plaintiff with a plunger..

29.    On November 18, 2013 at approximately 4:03PM, Klein was discharged from

Bellevue's Emergency Department with a diagnosis of unspecified episodic mood disorder.

30.    On December 9, 2013, Klein was treated at the Beth Israel Medical Center's

Emergency Department where she was diagnosed with adjustment disorder with disturbance of

conduct.

31.    On December 17, 2013, plaintiff was released from jail.

32.    Upon information and belief, defendant, CANDRES, was either acting under the

supervision of and at the direction of defendant, VITALO, in arresting plaintiff, or defendant,

VITALO, acted in concert with defendant, CANDRES, in arresting plaintiff based on defendant,

VITALO, threat to plaintiff just one week before plaintiff's arrest.

33.    The defendants imprisoned plaintiff for thirty days.

34.     Plaintiff was subsequently indicted by a grand jury of the County of New York for assault in the second degree (two counts), assault in the third degree, and harassment in the second degree.

35.     Upon information and belief, defendants did not make a complete and full statement of facts to the grand jury and the District Attorney; defendants misrepresented or falsified evidence; and defendants withheld evidence and otherwise acted in bad faith.

36.     At a criminal court hearing on December 19, 2013 concerning this matter, a court officer told plaintiff that the judge said go home and take care of his mother/Klein.

37.     Following plaintiff's release from jail, plaintiff appeared in criminal court ten times where there were discussions that all charges would be dismissed against plaintiff.

38.     On November 19, 2014, all charges against plaintiff were dismissed by the criminal court judge.

39.     All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

40.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

41.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legality of citizens questioning the legal authority of police officers for their presence on private property and unconstitutional retaliation.

6

42.     Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

43.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as a police officer/supervisor.  Despite such notice, defendant, CITY of NEW YORK, has retained these individuals, and failed to adequately train and supervise them.

44.     As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

45.     That within ninety days of the arrest, plaintiff filed a Notice of Claim with the CITY OF NEW YORK on February 12, 2014.

46.     Plaintiff appeared for a 50-H hearing on January 30, 2015.

### Federal Claims

#### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

49.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

7

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

50.     The acts complained of were carried out by the aforementioned individual defendant in her capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

51.     The acts complained of were carried out by the aforementioned individual defendant in her capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

52.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants arrested plaintiff twice without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

56.     Defendants caused plaintiff to be falsely arrested and unlawfully imprisoned.

57.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTHCAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

58.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

60.    Defendants caused plaintiff to be prosecuted without any probable cause until the charges were dismissed on November 19, 2014.

61.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

62.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Defendants issued criminal process against plaintiff by causing his arrest and prosecution in a criminal court.

64.    Defendants caused plaintiff to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their

9

abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

65.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

68.     The defendants failed to intervene to prevent the unlawful conduct described herein.

69.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

70.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

73.     As a result of the foregoing, plaintiff was deprived of his liberty and right to substantive due process, causing severe emotional and constitutional injuries.

74.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A EIGHTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

77.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, unlawfully arresting individuals who are questioning the legal authority of police officers in the absence of probable cause.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the

11

CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

78.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

81.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff was unlawfully arrested and subjected to false imprisonment.

82.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

83.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from retaliation for exercise of their First Amendment rights;

        D.     To be free from the failure to intervene;

E.      To be free from malicious prosecution;

F.      To be free from malicious abuse of process;

G.      To receive equal protection under law.

84.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**Supplemental State Law Claims**

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

87.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

88.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

89.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

90.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

91.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.    Defendants arrested plaintiff without probable cause.

93.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

94.    As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

95.    As a result of the aforementioned conduct, plaintiff suffered mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

96.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

97.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

99.    Defendants caused plaintiff to be prosecuted without any probable cause until the charges were dismissed on November 19, 2014.

100.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an

amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

101.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.   Defendants issued criminal process against plaintiff by causing him to be arrested, arraigned and prosecuted in criminal court.

103.   Defendants caused plaintiff to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

104.   As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

105.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

15

107.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

108.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

109.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

110.    As a result of the aforementioned conduct, plaintiff suffered emotional distress, mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

111.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

112.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendant who conducted and participated in the arrest of plaintiff.

114.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendant to engage in the wrongful conduct heretofore alleged in this Complaint.

115.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an

amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

116.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.   Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests of plaintiff.

118.   As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

119.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

17

121.   As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

122.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

124.   As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR NINETEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

125.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.   As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

127.   As a result of the foregoing, plaintiff is entitled to compensatory damages in an

amount to be fixed by a jury, and is further entitled to punitive damages against the individual

defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and

disbursements of this action.

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly

and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: February 2, 2015
       Staten Island, New York

Respectfully submitted,

AMABILE & ERMAN, P.C.

By: _____
    ANTHONY A. LENZA, JR. (AL2680)
    ECF username: lenza
    Attorneys for Plaintiff
    1000 South Avenue
    Staten Island, NY 10314
    (718) 370-7030
    Alenza@amabile-erman.com

19